UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OWEN LINO, | ) | Civil No. 09cv1834 MMA (PCL) |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **GRANTING IN PART AND DENYING** |
| L SMALL, Warden, et al., | ) | **IN PART DEFENDANTS' MOTION TO** |
| | ) | **DISMISS** |
| Defendants. | ) | |
| | ) | |

On August 21, 2009, Plaintiff Owen Lino, a state prisoner proceeding pro se and in forma pauperis, filed a First Amended Complaint (FAC) against Defendants Small, Ochoa, Butler, Mitchell, Vorise, Powell, and Rashad for violations of his civil rights under Title 42, United States Code § 1983 and Title 42, United States Code § 2000cc. (Doc. 5) Defendants moved to dismiss Plaintiff's FAC for failure to exhaust his administrative remedies. (Doc. 15-1, at 2.) Upon review of the FAC, Defendants' motion, and the responses, the Court recommends that Defendants' motion be GRANTED in part and DENIED in part.

///

///

cc: The Honorable Anello
   All Counsel of Record

1

09cv1834 MMA (PCL)

# I.

# BACKGROUND

The FAC alleges that while in Administrative Segregation at Calipatria State Prison Plaintiff has been denied the following tools required to practice Islam: a copy of the Qur'an, group prayer time, the Halal diet, information from the Imam regarding the proper time to pray, sufficient cleaning supplies, a prayer rug, and prayer oil. (Doc. 5, at 4-11.)  Claiming that Defendants violated his rights under the First Amendment and under the Religious Land Use and Institutionalized Persons Act (RLUIPA) in denying him these religious tools, he seeks monetary damages and injunctive relief.  (Doc. 5, at 2-4.)

Defendants have moved to dismiss Plaintiff's FAC for failure to exhaust any claim at the third level of the prison administrative appeal process prior to the file date of the lawsuit.  (Doc. 15-1, at 2.) In response, Plaintiff has admitted that he only proceeded to the second level of review regarding the denial of sufficient cleaning supplies in violation of the First Amendment and RLUIPA and, only after he filed the instant lawsuit, exhausted his administrative remedies to the third level of review regarding his claim that he has been denied the Halal diet in violation of the First Amendment and RLUIPA. (Doc. 25-1, at 7.)  In concession, he has requested that the Court dismiss both of these claims. (Doc. 25-1, at 7).  As to the other claims, Plaintiff has requested that the court excuse his obligation to exhaust his available administrative remedies to the Director's level of review because prison officials failed to respond timely to his 602 appeal log no. CAL A0802735 at the second level of review or to give legitimate reasons for the delay.  (Doc. 25-1, at 4.)

In his opposition to the motion to dismiss, Plaintiff has attached the 602 appeal form, log no. CAL A0802735, which shows that Plaintiff initially submitted it on December 13, 2008, received a response at the first level of review on April 3, 2009, resubmitted it on April 14, 2009 at the second level of review, received a response at the second level of review on January 13, 2010, and attempted to resubmit it to the Director's level of review on January 26, 2010.  (Doc. 29, at 30-32.)  In his FAC, Plaintiff has submitted the appeal response to log no. CAL A0892735 in which the prison addresses five issues at the first formal level of review: 1) his request to be placed on a special diet list; 2) his request to receive Qur'ans, prayer oils, and prayer rugs; 3) his request to hold Islamic group prayers; 4) his request to have access to the Imam; and 5) his request that no reprisal be taken against him or the other

prisoners for filing the group appeal. (Doc. 1-2, at 5.) The April 2, 2009 response of R. Powell, Community Partnership Manager at Calipatria State Prison, states that Plaintiff has been placed on the special diet list, that Plaintiff can only have access to the Qur'an and not the other religious materials, that prayers can only be held in the prisoner's cell, that chaplains are available once or twice weekly, that no reprisal will be taken against the prisoner for filing the 602 appeal, and that the issues in the appeal may be submitted to the second level of review. (Id. at 6.) Plaintiff also has attached two other letters relevant to the exhaustion issue: 1) in a letter dated January 13, 2010, T. Ochoa, Chief Deputy Warden of Calipatria State Prison, stated that there was no new information presented in inmate appeal log no. CAL A0802735 and that it was partially granted at the second level of review; and 2) in a letter dated April 15, 2010, the current warden of Calipatria State Prison, L. S. McEwen, acknowledged that Plaintiff filed a correspondence on August 30, 2009 concerning inmate appeal log no. CAL A0802735, stated that it was partially granted at the first and second level of review, and invited Plaintiff to proceed to the third level of review. (Doc.30, at 4-9.)

In reply, Defendants have not objected to the withdrawal of Plaintiff's claims regarding the Halal diet or the cleaning supplies. (Doc. 26, at 2.) Also, Defendants have conceded that the response to appeal log no. CAL A0802735 addressing the remaining claims was late. (Id.) However, Defendants have stated that prison officials invited Plaintiff to proceed to the third level of review for further administrative action on his grievances and have argued that the delayed response at the second level of review to appeal log no. CAL A0802735 does not render further administrative remedies unavailable and should not be construed as intentional interference with Plaintiff's access to the courts. (Doc. 26, at 3.) Defendants have argued that the fact that Plaintiff has been able to use the administrative appeals process in the past including exhausting his claim for the Halal diet to the third level of review shows that the prison system is not thwarting his ability to use the prison grievance system for religious claims. (Doc. 26, at 3; see doc. 15-1, at 14.) Defendants argue that Plaintiff still has yet to exhaust his available administrative remedies at the Director's level of review, and, even if the responses to his appeals have been late in the past, the remedies need not be "plain, speedy, and effective" but simply available. (Doc. 26, at 2.)

///

## II.

## STANDARD OF REVIEW

FED. R. CIV. P. 12(b) expressly enumerates a list of six defenses that can be asserted in a motion to dismiss, including for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Litigants may also base a 12(b) motion to dismiss on the nonenumerated defense of failure to exhaust nonjudicial remedies. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003).[1]

The evidentiary standard employed in deciding a motion to dismiss may be different depending on the specific type of defense asserted. For example, matters outside the pleadings are not to be considered in a FED. R. CIV. P. 12(b)(6) motion. See Swedberg v. Marotzke, 339 F.3d 1139, 1146 (9th Cir. 2003). On the other hand, the court may look beyond the pleadings and resolve disputed issues of fact on a nonenumerated 12(b) motion to dismiss for failure to exhaust administrative remedies, with the defendant bearing the burden of proof. Wyatt, 315 F.3d at 1119-20; see Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (permitting the consideration of affidavits submitted by the parties on a motion to dismiss for failure to exhaust nonjudicial remedies). A complaint may also be dismissed for failure to exhaust administrative remedies if the prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Wyatt, 315 F.3d at 1120.

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion requirements vary from state to state as "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S.199, 218 (2007). The California prison system's grievance process is composed of several levels of review: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or

---

[1] If the court finds that the prisoner has failed to exhaust nonjudicial remedies, "the proper remedy is dismissal of the claim without prejudice." Wyatt, 315 F.3d at 1119.

designee, and (4) a third, final level appeal to the Director of the CDC. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing CAL. CODE REGS. tit. 15 § 3084.5). The prison must complete its informal level review within 10 working days, its first formal level of review within 30 working days, and its second formal level review within 20 working days. CAL. CODE REGS. tit. 15 § 3084.6(a) and (b). If an exceptional delay prevents the prison from completing a level of review within these time limits, then the prison must notify the prisoner in writing of the reasons for the delay and the estimated time for completion. CAL. CODE REGS. tit. 15 § 3084.6(b)(6).

While the prisoner's failure to follow these procedures is an affirmative defense for defendants, it is "subject to estoppel in cases where prison officials inhibit an inmate's ability to utilize administrative grievance procedures." Giano v. Goord, 380 F.3d 670, 677 (2nd Cir. 2004); see Foulk v. Charrier, 262 F.3d 687, 697 (8th Cir. 2001) (finding no failure to exhaust where prison officials failed to respond to the inmate's grievance); see also Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (finding no failure to exhaust where inmate was denied grievance forms). In determining whether exhaustion of remedies has occurred, it must be determined whether a remedy was available to the plaintiff. See Booth v. Churner, 532 U.S. 731, 737-39 (2001). An unexplained delay in responding to an inmate grievance within the time specified in the prison's appeal guidelines may render an administrative remedy unavailable. See Brown v. Valoff, 422 F.3d 926, 943 n.18 (9th Cir. 2005).

### III.

### DISCUSSION

In the opposition to Defendant's motion to dismiss, Plaintiff concedes that he did not exhaust his remedies to the third level of review before filing the instant lawsuit regarding his requests for the Halal diet and the cleaning supplies for religious purposes. As Plaintiff has requested that these claims be withdrawn and Defendants have not objected, the Court accordingly recommends their dismissal without prejudice. Regarding the remaining claims, Plaintiff also concedes that he did not exhaust his remedies to the third level of review but argues that the Court should excuse the exhaustion requirement because the prison's response at the second formal level of review was late according to the prison-

imposed timetable for responses and no reasons were given for the delayed response.  Defendants argue in their motion to dismiss that the delayed response was an oversight and unintentional but that Plaintiff has been told that he still has administrative remedies available to him at the Director's level of review.

The record shows that Plaintiff received an appeal response to log no. CAL A0892735, which addresses the remaining claims, at the first level of review on April 2, 2009, resubmitted his grievance at the second level of review about a week later, and, having not received a prompt response, inquired about this grievance on August 30, 2009, a little more than a week after Plaintiff filed the instant lawsuit.  The prison finally responded to Plaintiff's inquiry about four months later on January 13, 2010, stating that Plaintiff's appeal log no. CAL A0892735 was partially granted at the second level of review.  However, the record does not show that at any point after having received Plaintiff's second level appeal on April 14, 2009 that the prison gave Plaintiff a written response detailing the reasons for the delay in responding to Plaintiff's 602 appeal at the second level of review as required by the prison's policy for inmate grievances in CAL. CODE REGS. tit. 15 § 3084.6(b)(6).  Defendants point to the prison's January 13, 2010 invitation to Plaintiff to proceed to the third level of review as evidence that Plaintiff has administrative remedies available to him, but this response, issued eight months after Plaintiff initially requested secondary review, also fails to give reasons for the delayed action at the second level.  As no letter or affidavit submitted by Defendants explains why there was a delay at the second level of review, Defendants have not met their burden in showing that Plaintiff failed to exhaust administrative remedies available to him at the time he filed the instant lawsuit.  Thus, the Court recommends that Defendants' motion to dismiss regarding Plaintiff's claims to a copy of the Qur'an, group prayer time, information from the Imam regarding the proper time to pray, a prayer rug, and prayer oil be denied.

///

///

## IV.
## CONCLUSION

For the foregoing reasons, the Court RECOMMENDS the following:

1) that Defendants' motion to dismiss regarding Plaintiff's claims to the Halal diet and the cleaning supplies for religious purposes be GRANTED; and

2) that Defendants' motion to dismiss regarding Plaintiff's claims to a copy of the Qur'an, group prayer time, information from the Imam regarding the proper time to pray, a prayer rug, and prayer oil be DENIED.

This Report and Recommendation is submitted to United States District Judge Michael M. Anello, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1 of the United States District Court for the Southern District of California.

IT IS ORDERED that, **no later than June 17, 2010**, the parties may file written objections to this Report and Recommendation. The document should be captioned "Objections to Report and Recommendation." Any reply to the Objections shall be filed **on or before June 28, 2010**. The parties are advised that failure to file either of these documents within the specified time periods may waive the right to raise objections to the magistrate judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

IT IS SO ORDERED.

DATED: May 28, 2010

Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc: The Honorable Anello
All Counsel of Record