1
2
3
4
5
6
7

8        **UNITED STATES DISTRICT COURT**

9        **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   OWEN LINO,                              CASE NO. 09 CV 01834 MMA (PCL)

12                            Plaintiff,     **ORDER ACCEPTING REPORT
                                             AND ADOPTING FINDINGS,**
13                                           **CONCLUSIONS, AND
                                             RECOMMENDATIONS OF**
14        vs.                                **UNITED STATES MAGISTRATE
                                             JUDGE**
15
                                             [Doc. No. 31]
16
17   L. SMALL *et al.*,                      **GRANTING IN PART AND
                                             DENYING IN PART**
18                            Defendants.    **DEFENDANTS' MOTION TO
                                             DISMISS**
19                                           [Doc. No. 15]

20        Plaintiff Owen Lino, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this

21   civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to United States

22   Magistrate Judge Peter C. Lewis pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.3.

23   On January 5, 2010, Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint.

24   [Doc. No. 15.]  On May 28, 2010, Judge Lewis filed a Report containing findings and conclusions,

25   upon which he bases his recommendation that the Court grant in part and deny in part Defendants'

26   motion to dismiss this case.  [Doc. No. 31.]  On June 15, 2010, Defendants filed Objections to part

27   of the Report and Recommendation.  [Doc. No. 42.]

28   / / /

**DEFENDANTS' OBJECTIONS**

Defendants object to Judge Lewis's recommendation that their motion to dismiss Plaintiff's claims regarding access to a copy of the Qur'an, group prayer time, information from the Imam regarding the proper time to pray, a prayer rug, and prayer oil be denied.  Defendants argue dismissal is appropriate because Plaintiff admits he failed to exhaust his administrative remedies with respect to these claims.  Although Defendants acknowledge their response to Plaintiff's formal second level review request (appeal log no. CAL-A-08-2735) was "less than 'speedy and effective,'" they argue the exhaustion requirement still applies because the delay did not render Plaintiff's remedies unavailable. [Doc. No. 42, p.3-4.]  The Court disagrees.

Although the Ninth Circuit has not yet ruled on the issue, *Ngo v. Woodford*, 539 F.3d 1108,1110 (9th Cir. 2008), there is authority for the proposition that if a prisoner submitted a timely inmate appeal in compliance with the governing regulations and his appeal received no response, or received a response only after an extraordinary delay, the prisoner has satisfied the exhaustion requirement.  *See e.g., Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008); *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006); *Boyd v. Corrections Corp. of America*, 380 F.3d 989, 996 (6th Cir. 2004); *Abney v. McGinnis*, 380 F.3d 663, 667 (2d 2004); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002); *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003).

In addition, in *Brown v. Valoff*, 422 F.3d 926 (9th Cir. 2005), the Ninth Circuit Court of Appeals refused to interpret the exhaustion requirements of the Prison Litigation Reform Act "so narrowly as to permit prison officials to exploit the exhaustion requirement through indefinite delay in responding to grievances."  *Brown*, 422 F.3d at 943 n.18 (internal alterations and marks omitted) (citations omitted).  The Court of Appeals's position in *Brown* is consistent with 15 CAL. CODE REGS. § 3084.6, which governs the time limits for administrative appeal responses. Specifically, section 3084.6(b)(3) requires second level responses to be completed within, at most, thirty working days.  If "an exceptional delay prevents completion of the review within . . . [this

1   time], the appellant shall be informed in writing of the reasons for the delay and the estimated

2   completion date." 15 CAL. CODE REGS. § 3084.6(b)(6).[1]

3          Here, the record indicates Plaintiff filed his second level grievance with respect to appeal

4   log no. CAL-A-08-2735 on April 11, 2009. [Doc. No. 29, p.12 (Lino Decl. ¶2).]  Over four

5   months later, Plaintiff inquired why he had not yet received a response.  [*Id*.; Doc. No. 30, p.5.]

6   After an additional four months had passed, the prison finally responded to Plaintiff's April 11

7   grievance on January 13, 2010, without any explanation for the eight month delay.  [Doc. No.29,

8   p.33; Doc. No. 42-1, p.9-10.]  Although Plaintiff's appeal log no. CAL-A-08-2735 is now in its

9   third level of review—which Defendants assert demonstrates that Plaintiff's administrative

10  remedies are still available to him—the unexplained delay violates 15 CAL. CODE REGS. § 3084.6,

11  and prohibited Plaintiff from utilizing the grievance process as intended.

12

13

14

15

16

17

18

19

20

21

22

23  / / /

24  / / /

25  / / /

26

27          [1] Section 3084.6(b)(3) reads in its entirety, "[s]econd level responses shall be completed within
    20 working days, or 30 working days if first level is waived pursuant to section 3084.5(a)(3)."  Based
28  on the record before the Court, it appears the prison officials should have responded to Plaintiff's
    grievance within 20 working days, as there is no indication his first level review was waived.

## CONCLUSION

Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds Judge Lewis's Report and Recommendation to be support by the record and based on a thorough and well-reasoned analysis. Accordingly, the Court **ADOPTS** the Report and Recommendation in its entirety and **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss.  Specifically, Defendants' motion to dismiss Plaintiff's claims regarding the Halal diet and cleaning supplies for religious purposes is **GRANTED**; Defendants' motion with respect to Plaintiff's claims seeking access to a copy of the Qur'an, group prayer time, information from the Imam regarding the proper time to pray, a prayer rug, and prayer oil is **DENIED**.

**IT IS SO ORDERED.**

DATED:  August 5, 2010

Hon. Michael M. Anello
United States District Judge

- 4 -                                                                                          09cv1834