UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OWEN LINO, | ) | Civil No. 09cv1834 MMA (PCL) |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |
| | ) | |
| L SMALL, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On September 29, 2010, Plaintiff Owen Lino, a state prisoner proceeding pro se and in forma pauperis, filed a Third Amended Complaint against Defendants Small, Ochoa, Butler, and Rashad for violations of his civil rights under Title 42, United States Code § 1983 and Title 42, United States Code § 2000cc. (Doc. 61.) Defendants moved to dismiss Plaintiff's Third Amended Complaint on the following grounds: that Plaintiff is not entitled to damages or declaratory or injunctive relief under the Religious Land Use and Institutionalized Persons Act (RLUIPA); that Plaintiff is not entitled to declaratory or injunctive relief under the First Amendment; that Plaintiff's First Amendment and RLUIPA claims against Defendants in their official capacities is barred by the Eleventh Amendment; and that Plaintiff has waived his claims against Defendants Mitchell, Powell, and Vorise by failing to rename them in the Third Amended Complaint. (Doc. 63-1, at 2.) Upon review of the amended complaint, Defendants' motion, and the responses, the Court recommends that Defendants' motion be GRANTED in part and DENIED in part.

# I.

# BACKGROUND

The Third Amended Complaint alleges that while in Administrative Segregation at Calipatria State Prison Plaintiff has been denied the following tools required to practice Islam: religious artifacts including prayer oils and a prayer rug, group prayer time, and information from the Imam regarding the proper time to pray. (Doc. 61, at 2-3.) The Third Amended Complaint names Defendants Omar Rashad, the prison's Imam, Larry Small, the warden, J.T. Ochoa, the chief deputy warden, and C. Butler, the associate warden. (Doc. 61, at 2.) Suing Defendants in their individual and official capacities for violating his rights under the First Amendment and under the Religious Land Use and Institutionalized Persons Act (RLUIPA), he seeks declaratory and injunctive relief and monetary damages. (Doc. 61, at 2-3, 9.)

After Defendants answered the First Amended Complaint (doc. 50), Plaintiff sought leave to file a Second Amended Complaint and a Third Amended Complaint. (Docs. 52, 58.) The Court denied leave to file the Second Amended Complaint but granted Plaintiff leave to file the Third Amended Complaint. (Docs. 56, 60.) Plaintiff also filed a Notice of Change of Address indicating that he had transferred from Calipatria State Prison to Kern Valley State Prison. (Doc. 62.) In response to Defendants' motion to dismiss the Third Amended Complaint, Plaintiff filed an opposition in which he states that he mistakenly did not mention one of the Defendants named in the First Amended Complaint; that immunity does not apply to Defendants in their officials capacities because the law violated is clearly established; that the Ninth Circuit would rule that monetary damages are available under RLUIPA; and that his declaratory and injunctive relief claims are not moot because he is subject to the same restrictive conditions at his current prison location in Kern County. (Doc. 70, at 4-8.)

# II.

# STANDARD OF REVIEW

.    FED. R. CIV. P. 12(b) expressly enumerates a list of six defenses that can be asserted in a motion to dismiss, including for "lack of jurisdiction over the subject matter," FED. R. CIV. P. 12(b)(1), and for "failure to state a claim upon which relief can be granted," FED. R. CIV. P. 12(b)(6). Dismissal based on Eleventh Amendment immunity is not under FED. R. CIV. P. 12(b)(1) subject-matter jurisdiction; rather,

1  the Eleventh Amendment itself provides the controlling legal authority for dismissing a defendant or a
2  claim. <u>Ernst v. Roberts</u>, 379 F.3d 373, 392 (6th Cir. 2004).Under 12(b)(6), a complaint may be
3  dismissed for failure to state a cognizable legal theory or for failure to state sufficient facts under a
4  cognizable legal theory. <u>See</u> <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001).

5   In reviewing the sufficiency of a complaint, the court must assume the truth of all factual
6  allegations and construe them in light most favorable to the nonmoving party. <u>Thompson v. Davis</u>, 295
7  F.3d 890, 895 (9th Cir. 2002). The court may consider the facts alleged in the complaint, documents
8  attached to the complaint, documents incorporated by reference in the complaint, and matters of which
9  the court takes judicial notice. <u>U.S. v. Ritchie</u>, 342 F.3d 903, 908 (9th Cir. 2003). Additionally, the court
10 may hypothesize facts, "consistent with the complaint, that would make out a claim." <u>Graehling v.</u>
11 <u>Village of Lombard, Ill.</u>, 58 F.3d 295, 297 (7th Cir. 1995). However, legal conclusions need not be
12 taken as true merely because they are cast in the form of factual allegations. <u>Roberts v. Corrothers</u>, 812
13 F.2d 1173, 1177 (9th Cir. 1987). Also, "when the allegations of the complaint are refuted by an attached
14 document, the Court need not accept the allegations as being true." <u>Roth v. Garcia Marquez</u>, 942 F.2d
15 617, 625 n.1 (9th Cir. 1991). Furthermore, "[i]f the pleadings establish facts compelling a decision one
16 way, that is as good as if depositions and other expensively obtained evidence on summary judgment
17 establishes the identical facts." <u>Weisbuch v. County of Los Angeles</u>, 119 F.3d 778, 783 n. 1 (9th Cir.
18 1997).

### III.

### DISCUSSION

**A. All Monetary Claims against Defendants in Their Official Capacities Should Be Dismissed.**

 Defendants argue that to the extent that Plaintiff seeks damages against them in their official
capacities under the First Amendment and RLUIPA, such claims should be dismissed. (Doc. 63-1, at 4.)

 The Eleventh Amendment does not permit damage claims against state officers who are sued in
their official capacities. <u>Dittman v. California</u>, 191 F.3d 1020, 1026 (9th Cir. 1999). "A suit generally
may not be maintained directly against the State itself or against an agency or department of the State,

unless the State has waived sovereign immunity." <u>Florida Dep't of State v. Treasure Salvors, Inc.</u>, 458 U.S. 670, 684 (1982); <u>see also</u> <u>Holley v. Cal. Dep't of Corr.</u>, 599 F.3d 1108, 1112, 1114 (9th Cir. 2010) (stating that the "Eleventh Amendment bars [a] suit for official-capacity damages under RLUIPA"). Here, as Plaintiff has requested monetary relief from all Defendants, who are state officials, in their official capacities, and Defendants have not waived sovereign immunity, all such claims should be dismissed accordingly.

**B. All Individual-Capacity Damages Claims under RLUIPA Should Be Dismissed.**

Defendants argue that damages are not available under section 3 of RLUIPA against prison officials in their individual capacities and that these claims should therefore be dismissed. (Doc. 63-1, at 5.)

Although the Ninth Circuit has not yet addressed the issue of individual liability for damages under RLUIPA, the Fourth, Fifth, Seventh, and Eleventh Circuits have found that RLUIPA does not provide for a cause of action for damages against officials sued in their individual capacities. <u>See, e.g.</u>, <u>Sossamon v. Texas</u>, 560 F.3d 316, 327-29 (5th Cir. 2009); <u>Nelson v. Miller</u>, 570 F.3d 868, 885-89 (7th Cir. 2009); <u>Rendelman v. Rouse</u>, 569 F.3d 182, 187-88 (4th Cir. 2009); <u>Smith v. Allen</u>, 502 F.3d 1255, 1273 (11th Cir. 2007). Section 3 of the RLUIPA, which affords prisoners greater protections of religious exercises than are guaranteed under the Constitution, <u>Lovelace v. Lee</u>, 472 F.3d 174, 186 (4th Cir. 2006), was enacted under the Spending Power under Article I of the Constitution, and, as such, the statute is applicable "when the substantial burden on religious exercise is imposed in a program or activity that receives federal financial assistance," <u>Cutter v. Wilkinson</u>, 544 U.S. 709, 716 (2005). As state prisons are the recipient of federal funds, the prisons and their officials have consented to being sued for violations under RLUIPA. <u>Charles v. Verhagen</u>, 348 F.3d 601, 608 (7th Cir. 2003); <u>see</u> <u>South Dakota v. Dole</u>, 483 U.S. 203, 206 (1987). However, this court agrees with the other circuit courts that

because prison officials in their individual capacities are not the recipient of federal funds to which RLUIPA applies, they may not be sued in their individual capacities under this statute. As such, Defendants' motion to dismiss Plaintiff's individual-capacity claims for monetary damages under RLUIPA should be dismissed.

**C. All Declaratory and Injunctive Relief Claims Must Be Dismissed as Moot**

Defendants argue that because Plaintiff has been transferred from Calipatria to another California state prison, his declaratory and injunctive relief claims should be dismissed as moot. (Doc. 63-1, at 8.)

An inmate's transfer from one prison to another while his claims are still pending will generally render moot any claims for injunctive or declaratory relief relating to the prison's policies unless the case is a class action. Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995). The exception to the mootness doctrine occurs when there is a reasonable expectation that Defendants would cause the alleged injury again. Dilley, 64 F.3d at 1369. Here, Defendants have no control over the policies at Plaintiff's current prison and Plaintiff has not demonstrated a reasonable expectation that he would be transferred back to Calipatria State Prison where Defendants are employed. As such, Plaintiff's declaratory and injunctive relief claims as to all Defendants should be dismissed as moot.

**D. Defendants Mitchell and Vorise Should be Dismissed.**

Defendants argue that Defendants Mitchell, Powell, and Vorise should be dismissed from the case because Plaintiff failed to rename them in his Third Amended Complaint. (Doc. 63-1, at 8.) Plaintiff states that he mistakenly left out R. Powell from his Third Amended Complaint but otherwise purposefully left out Mitchell and Vorise from the amended complaint. (Doc. 70, at 9.)

In the Ninth Circuit, an amended complaint entirely supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). "The fact that a party was named in the original complaint is irrelevant; an amended pleading supercedes the original." Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). However, "[b]ecause dismissal is so harsh a penalty, it should be imposed only in extreme circumstances," especially in instances where Defendants have answered. Raiford v. Pounds, 640 F.2d 944, 945 (9th Cir. 1981). The court should consider less drastic alternatives such as offering the plaintiff the opportunity to amend the complaint in order to comply with the pleading requirements laid out in F.R.C.P. 10(a). See Ferdik, 963 F.2d at 1262-63.

Here, Plaintiff's Third Amended Complaint supercedes his First Amended Complaint in which all Defendants have answered. Although Plaintiff has stated that he mistakenly left out Defendant Powell from his TAC, Plaintiff cannot rely on his First Amended Complaint to incorporate Defendant Powell into the case. To avoid the drastic measure of dismissing Defendant Powell, the Court recommends that Plaintiff be given the opportunity to resubmit an amended complaint renaming him and describing the allegations against him.  Moreover, the Court recommends dismissing Defendants Mitchell and Vorise because Plaintiff has indicated that he has no intention of pursuing further litigation against them.

**IV.**
**CONCLUSION**

For the foregoing reasons, the Court RECOMMENDS the following:

1) that Defendants' motion to dismiss all monetary claims against Defendants in their official capacities be GRANTED;

2) that Defendants' motion to dismiss all individual-capacity damages claims under RLUIPA be GRANTED;

3) that Defendants' motion to dismiss all declaratory and injunctive relief claims be GRANTED;

cc: The Honorable Anello
   All Counsel of Record

4) that Defendants' motion to dismiss Mitchell and Vorise Should be GRANTED; and

5) that Defendants' motion to dismiss Powell should be DENIED.

This Report and Recommendation is submitted to United States District Judge Michael M. Anello, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1 of the United States District Court for the Southern District of California.

IT IS ORDERED that, **no later than March 25, 2011**, the parties may file written objections to this Report and Recommendation. The document should be captioned "Objections to Report and Recommendation." Any reply to the Objections shall be filed **on or before April 5, 2011**. The parties are advised that failure to file either of these documents within the specified time periods may waive the right to raise objections to the magistrate judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

IT IS SO ORDERED.

DATED: March 11, 2011

Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc: The Honorable Anello
All Counsel of Record