| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | UNITED STATES DISTRICT COURT | |
| 9 | SOUTHERN DISTRICT OF CALIFORNIA | |
| 10 | | |
| 11 | OWEN LINO, | CASE NO. 09 CV 01834 MMA (PCL) |
| 12 | Plaintiff, | **ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |
| 13 | | |
| 14 | | |
| 15 | vs. | [Doc. No. 72] |
| 16 | | **GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |
| 17 | | |
| 18 | | [Doc. No. 63] |
| 19 | L. SMALL *et al.*, | **DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS THIRD AMENDED COMPLAINT AS MOOT** |
| 20 | Defendants. | |
| 21 | | [Doc. No. 74] |
| 22 | | |

Plaintiff Owen Lino, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to United States Magistrate Judge Peter C. Lewis pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.3. On September 29, 2010, Plaintiff filed his Third Amended Complaint. [Doc. No. 61.] On October 12, 2010, Defendants filed a Motion to Dismiss Plaintiff's Third Amended Complaint. [Doc. No. 63.] On December 22, 2010, Plaintiff filed an opposition to Defendants' motion. [Doc. No. 70.]

On March 11, 2011, Judge Lewis filed a well-reasoned and thorough Report containing findings and conclusions, upon which he bases his recommendation that the Court **GRANT IN PART** and **DENY IN PART** Defendants' motion to dismiss. [Doc. No. 72.] Plaintiff filed objections to the Report and Recommendation on April 5, 2011. [Doc. No. 76.]

On April 15, 2011, the undersigned issued an order deferring ruling on Defendants' motion to dismiss the Third Amended Complaint while the parties participated in the Prisoner Settlement Program, including mediation proceedings before Judge Bianchini. [Doc. No. 78.] On August 18, 2011, Defendants filed a notice indicating the case did not settle. [Doc. No. 82.]

## **PLAINTIFF'S OBJECTIONS**

Under 28 U.S.C. § 636(b)(1)(C), in reviewing the magistrate judge's report and recommendation, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Here, Plaintiff objects to the Report on several grounds. First, Plaintiff asserts Judge Lewis incorrectly concluded that Plaintiff cannot seek monetary damages from the named Defendants in their *official* capacities because the State of California, the CDCR and the individual Defendants receive federal funds. [Doc. No. 76, p.1-2.] After reviewing the pertinent portion of the record and the Report *de novo*, the Court overrules Plaintiff's objection and finds that Judge Lewis correctly recommended that all of Plaintiff's claims for monetary relief against the Defendants in their *official* capacities should be dismissed. The cases Plaintiff relies on in his objections are not on point and otherwise distinguishable, and they do not support Plaintiff's position that he is entitled to recover damages from Defendants. To the extent Plaintiff seeks monetary relief from state actors in their *official* capacities, Judge Lewis properly found Defendants have not waived their sovereign immunity, and therefore, Plaintiff's claims are prohibited by the Eleventh Amendment.

Second, Plaintiff objects to Judge Lewis's finding that Plaintiff's claims under RLUIPA should be dismissed against all Defendants in their *individual* capacities. Plaintiff asserts Defendants are subject to suit in their individual capacities because they act as custodians over Plaintiff and manage federal funds issued for religious programs under RLUIPA. [Doc. No. 76,

1  p.2-3.]  After reviewing the pertinent portion of the record and the Report *de novo*, the Court
2  overrules this objection and finds Judge Lewis correctly recommended all claims under RLUIPA
3  against Defendants in their *individual* capacities should be dismissed.  Although the Ninth Circuit
4  has not yet addressed this issue, Judge Lewis reasonably recommended the Court follow the other
5  circuits which have held that, "because prison officials in their individual capacities are not the
6  recipient[s] of federal funds to which RLUIPA applies, they may not be sued in their individual
7  capacities under this statute."  [Doc. No. 72, p.5; *see also Williams v. Beltran*, 2011 U.S. App.
8  LEXIS 16710 (9th Cir. Aug. 4, 2011) (affirming dismissal of RLUIPA claims against defendants
9  in their individual capacities).]

10  Third, Plaintiff objects to Judge Lewis's recommendation that Plaintiff's claims for
11  declaratory and injunctive relief be dismissed as moot because Plaintiff was transferred to another
12  facility after he initiated the pending action.  Plaintiff asserts he is entitled to equitable relief
13  because he has a reasonable expectation that his rights will continue to be violated at the new
14  facility and he is already experiencing alleged violations at the new location.  [Doc. No. 76, p.3-4.]
15  The Court has reviewed the relevant portion of the record and the Report *de novo*, and overrules
16  Plaintiff's objection.  Judge Lewis appropriately recommended Plaintiff's claims for declaratory
17  and injunctive relief be dismissed as moot, as Plaintiff has not shown a reasonable expectation that
18  the named Defendants in this action will cause the alleged injury again; Defendants have no
19  control over the policies at Plaintiff's current prison.  [Doc. No. 72, p.5.]

20  Plaintiff does not object to Judge Lewis's recommendation that Defendants Mitchell and
21  Vorise should be dismissed because Plaintiff has not named them in his Third Amended
22  Complaint.  Defendants also moved to dismiss Defendant Powell, however, Judge Lewis
23  recommended that Defendants' motion to dismiss Defendant Powell be denied, as Plaintiff asserts
24  he inadvertently omitted Defendant Powell in the operative complaint.  In addition, while
25  Defendants' motion to dismiss Plaintiff's Third Amended Complaint was pending, Plaintiff filed a
26  motion for leave to file a Fourth Amended Complaint to correct his unintended omission of
27  Defendant Powell.  [Doc. No. 74.]  Plaintiff has attached his proposed Fourth Amended Complaint
28  to his pending motion.  However, because Plaintiff's proposed amended complaint contains claims

that the Court has determined cannot proceed, for the reasons stated above, Plaintiff's motion to amend his Third Amended Complaint is **DENIED AS MOOT**. However, Plaintiff is granted leave to file an amended complaint that complies with the terms set forth herein.

### CONCLUSION

Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds Judge Lewis's Report and Recommendation to be supported by the record and based on a proper analysis. Accordingly, the Court **ADOPTS** the Report and Recommendation in its entirety [Doc. No. 72] and **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss [Doc. No. 63]. The Court therefore **ORDERS** as follows:

(i) Defendants' motion to dismiss all monetary claims against Defendants in their *official* capacities is **GRANTED**. Plaintiff's monetary claims against Defendants in their *official* capacities are dismissed with prejudice, and without leave to amend;

(ii) Defendants' motion to dismiss all RLUIPA claims against Defendants in their *individual* capacities is **GRANTED**. Plaintiff's RLUIPA claims against Defendants in their *individual* capacities are dismissed with prejudice and without leave to amend;

(iii) Defendants' motion to dismiss all claims for declaratory and injunctive relief is **GRANTED**. Plaintiff's claims for declaratory and injunctive relief are dismissed as moot, without leave to amend;

(iv) Defendants' motion to dismiss Mitchell and Vorise is **GRANTED**. Plaintiff's claims against Defendants Mitchell and Vorise are dismissed with prejudice, and without leave to amend;

(v) Defendants' motion to dismiss Powell is **DENIED**. Plaintiff shall have twenty-one (21) days to file a Fourth Amended Complaint that properly names Defendant Powell and is otherwise consistent with the terms and conditions set forth herein. Plaintiff's Fourth Amended Complaint must be complete in itself without reference to the superseded pleading. See S.D. Cal. Civ. L. R. 15.1.

(vi) Plaintiff's motion for leave to amend his Third Amended Complaint is **DENIED AS MOOT** [Doc. No. 74].

**IT IS SO ORDERED**.

DATED: September 19, 2011

*[signature]*

Hon. Michael M. Anello
United States District Judge