1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   OWEN LINO,                                    CASE NO. 09 CV 1834 MMA (PCL)

12                            Plaintiff,            **ORDER DENYING AS MOOT
                                                    REQUEST FOR CERTIFICATE OF**
13                                                  **APPEALABILITY**;

14        vs.                                       [Doc. No. 137]

15                                                  **DENYING REQUEST TO REOPEN
                                                    THE TIME FOR APPEAL;**
16

17   L. SMALL *et al.*,                             [Doc. No. 136]

18                            Defendants.           **DENYING MOTION FOR LEAVE TO
                                                    APPEAL *IN FORMA PAUPERIS***
19                                                  [Doc. No. 138]

20

21          On August 21, 2009, Plaintiff filed this action against several defendants alleging

22   violations of his civil rights under 42 U.S.C. § 1983.  On April 13, 2012, the parties reached an

23   amicable settlement of Plaintiff's claims and recorded the terms of their agreement.  *See* Doc. No.

24   114.  At the parties' joint request, the Court dismissed the entire action with prejudice on April 26,

25   2012.  *See* Doc. No. 123.  On July 5, 2012, Plaintiff moved for release from the settlement

26   agreement.  *See* Doc. No. 128.  The Court denied the motion on August 24, 2012.  *See* Doc. No.

27   132.  Thereafter, Plaintiff submitted a motion for reconsideration which the Court did not accept

28   for filing due to untimeliness.  *See* Doc. No. 133.

Plaintiff now appeals the Court's August 24, 2012 Order denying release from the settlement agreement and the Court's September 28, 2012 Order rejecting his motion for reconsideration as discrepant.  *See* Doc. Nos. 134, 135.  Plaintiff also requests the Court issue a certificate of appealability, reopen the time for appeal, and grant leave to appeal *in forma pauperis*. *See* Doc. Nos. 136-138.

### REQUEST FOR CERTIFICATE OF APPEALABILITY

As an initial matter, Plaintiff does not need a certificate of appealability to pursue his appeal.  The requirement for a certificate of appealability only applies to claims for habeas corpus relief arising under 28 U.S.C. § 2254 or § 2255.  *See* FED. R. APP. P. 22(b); *see also Dalluge v. U.S. Dep't of Justice*, No. C11-5037RBL, 2011 WL 1675407, at *1 (W.D. Wash. May 4, 2011) ("As this case was brought pursuant to 42 U.S.C. § 1983, there is no requirement for a certificate of appealability."); *Jenkins v. Caplan*, No. C 02-5603 RMW (PR), 2010 U.S. Dist. LEXIS 89923, 2010 WL 3057410, at *1 (N.D. Cal. Aug. 2, 2010) ("[A] Certificate of Appealability is inapplicable to a § 1983 action.").  Accordingly, the Court **DENIES AS MOOT** Plaintiff's request for a certificate of appealability.

### REQUEST TO REOPEN THE TIME FOR APPEAL

Plaintiff's notice of appeal is considered "filed" as of October 29, 2012, the date he appears to have deposited it with the prison's internal mail system.  *See* FED. R. APP. P. 4(c)(1).  Rule 4(a) of the Federal Rules of Appellate Procedure requires that a notice of appeal "be filed with the district clerk within 30 days after the judgment or order appealed from is entered."  FED. R. APP. P. 4(a)(1).  As noted above, Plaintiff appeals two orders of the Court, issued on August 24 and September 28 respectively.  To the extent either order is appealable, Plaintiff's notice of appeal is timely as to the Court's September 28 Order, but is untimely as to the August 24 Order.  Plaintiff implicitly recognizes this problem by requesting the Court to reopen the time for him to file an appeal.

Relief from the deadline for filing the notice of appeal may be obtained in the district court under Federal Rule of Appellate Procedure 4(a)(6) by way of a motion to reopen the time to file an appeal.  Under Rule 4(a)(6), the district court may reopen the time to file an appeal for a period of

1   14 days after the date when its order to reopen is entered, but only if all of the following conditions

2   are satisfied:

3          (A) the court finds that the moving party did not receive notice under Federal
           Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be
4          appealed within 21 days after entry;

5          (B) the motion is filed within 180 days after the judgment or order is entered or
           within 14 days after the moving party receives notice under Federal Rule of Civil
6          Procedure 77(d) of the entry; and

7          (C) the court finds that no party would be prejudiced.

8   *See* FED. R. APP. P. 4(a)(6).  "The procedures set forth in [R]ule 4 are strictly construed; there is no

9   exception for prisoners proceeding *pro se* or for habeas corpus actions."  *Malone v. Avenenti*, 850

10  F.2d 569, 572 (9th Cir. 1988).

11         Plaintiff has not established that he failed to receive notice of the entry of the August 24

12  Order by September 12, 2012, within 21 days of entry.  *See* FED. R. APP. P. 4(a)(6)(A).  A review

13  of the case docket indicates that Plaintiff was served with a copy of the Court's Order via U.S.

14  mail to the correct mailing address on the same date the Court issued the order.  *See* Doc. No. 132.

15  Furthermore, Plaintiff had drafted his motion for reconsideration of the Court's August 24 Order

16  and deposited it with the prison's internal mailing system by September 12, 2012, according to the

17  metered postage stamp on the mailing envelope.  *See* Doc. No. 133.  Thus, it appears that Plaintiff

18  received notice of entry of the Court's August 24 Order within 21 days after its entry.  All of the

19  three conditions under Rule 4(a)(6), as listed above, must be satisfied, or the district court may not

20  reopen the time to file an appeal.  Accordingly, the Court **DENIES** Plaintiff's request.

21              **MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS***

22         Plaintiff also moves for leave to appeal *in forma pauperis*.  Pursuant to the Federal Rules

23  of Appellate Procedure,

24         A party who was permitted to proceed *in forma pauperis* in the district-court
           action . . . may proceed on appeal *in forma pauperis* without further authorization,
25         unless:

26         (A) the district court - before or after the notice of appeal is filed - certifies that
           the appeal is not taken in good faith or finds that the party is not otherwise
27         entitled to proceed *in forma pauperis* and states in writing its reasons for the
           certification or finding;
28
           or

1       (B) a statute provides otherwise.

2 FED. R. APP. P. 24(a)(3).  Because Plaintiff was proceeding *in forma pauperis* in this action,

3 Plaintiff is entitled to proceed *in forma pauperis* on appeal unless the Court finds his appeal is not

4 taken in good faith or finds that he is not otherwise entitled to proceed *in forma pauperis.*  "An

5 appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken

6 in good faith."  28 U.S.C. § 1915(a)(3).  "In the absence of some evident improper motive, the

7 applicant's good faith is established by the presentation of any issue that is not plainly frivolous."

8 *Ellis v. United States*, 356 U.S. 674 (1958).  An action is frivolous "where it lacks an arguable

9 basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

10       Here, there are no valid grounds on which an appeal can be based.  Consequently, the

11 Court certifies that any appeal taken from the Court's August 24 and September 28 Orders will not

12 be taken in good faith and is therefore frivolous.  FED. R. APP. P. 24(a)(3)(A); *Ellis v. United*

13 *States*, 356 U.S. 674, 674-75 (1958); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir.

14 2002).  Accordingly, the Court **DENIES** Plaintiff's motion for leave to appeal *in forma pauperis*.

15       The Clerk of Court shall notify the Court of Appeals of this order.  *See* FED. R. APP. P.

16 24(a)(4).  Plaintiff may file a motion for leave to proceed *in forma pauperis* on appeal in the Court

17 of Appeals within thirty days after service of notice of this Order.  *See* FED. R. APP. P. 24(a)(5).

18 Any such motion "must include a copy of the affidavit filed in the district court and the district

19 court's statement of reasons for its action."  *Id.*

20       **IT IS SO ORDERED.**

21 DATED:  November 13, 2012

22

23                        Hon. Michael M. Anello
                        United States District Judge

24

25

26

27

28

09cv1834